**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARLENE GOTAY on her own behalf and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>K.P. HOSPITALITY LLC d/b/a COMFORT INN & SUITES – MASPETH and KRISTY COLON in her individual capacity,<br><br>Defendants. | INDEX NO.:<br><br><br><br>**COMPLAINT**<br><br>RULE 23 CLASS ACTION AND COLLECTIVE |

Plaintiff Darlene Gotay, by and through her attorneys, Virginia & Ambinder, LLP, on behalf of all others similarly situated, alleges upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action on behalf of herself due to violations of the New York City Human Rights Law ("NYCHRL") and on behalf of herself and other current and former employees similarly situated to remedy violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the NYLL and NYCHRL.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within Queens, New York.

1

## PARTIES

4.  Plaintiff Darlene Gotay is an individual and resident of the State of New York.

5.  Defendant K.P. Hospitality LLC d/b/a Comfort Inn & Suites – Maspeth ("Comfort Inn") is a domestic limited liability company located at 6030 Maurice Avenue, Maspeth, New York 11378.

6.  Defendant Kristy Colon is an individual who is a resident of the State of New York and the general manager of Comfort Inn and whose current place of business is 6030 Maurice Avenue, Maspeth, New York 11378.

7.  Upon information and belief, Comfort Inn's business involves interstate commerce.

8.  Upon information and belief, Comfort Inn has an annual dollar volume of sales or business done of at least $500,000.00.

9.  Defendants employed more than 4 employees during all relevant times.

10. Defendants are and were employers as defined under the FLSA, NYCHRL and NYLL during all relevant times.

11. Plaintiff was a former employee of Comfort Inn as defined under the FLSA, NYCHRL and NYLL.

## CLASS ALLEGATIONS

12. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

13. The putative class and collective consist of Plaintiff and other similarly situated current and former employees of Comfort Inn paid on an hourly basis, including but not limited to

front desk staff and cleaning staff.

14. The putative class is so numerous that joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court. The size of the putative class is believed to be at least 50 employees. In addition, the names of all potential members of the putative class are not known.

15. The number, names and addresses, dates of employment, and payroll records of the putative class members are readily ascertainable from the records of the Defendant.

16. There are questions of law and fact common to putative class members that predominate over any questions affecting only individual members. Only the amount of individual damages sustained by each putative class member will vary.

17. The claims of the Named Plaintiff are typical of the claims of each of the putative class members in that they were all subject to the same practices whereby management regularly disregarded the requirements of the FLSA and NYLL.

18. The Named Plaintiff will fairly and adequately protect the interest of putative class members and her interests are not adverse to the interests of the class. Named Plaintiff's counsel is highly experienced in employment class actions seeking unpaid wages.

19. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy – particularly in the context of wage and hour litigation where individual class members typically lack the financial resources to vigorously prosecute separate lawsuits. Because the losses, injuries and damages suffered by each of the individual class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action, including but not limited to saving public

resources and avoiding the risk of inconsistent and/or varying adjudications.

## FACTUAL ALLEGATIONS

20. Plaintiff worked for Comfort Inn as a front desk agent from August 6, 2021, until January 10, 2022.

21. Plaintiff's work for Comfort Inn always met or exceeded expectations.

22. While working for Comfort Inn, Plaintiff was paid $15.00 per hour.

23. Defendants failed to pay Plaintiff and upon information and belief members of the putative class minimum wages for all hours worked.

24. Defendants failed to pay Plaintiff and upon information and belief members of the putative class overtime wages for all hours worked over 40 in a work week.

25. Defendants failed to pay Plaintiff and upon information and belief members of the putative class earned wages for all hours worked.

26. Plaintiff and upon information and belief members of the putative class at times worked more than 40 hours in a work week.

27. Plaintiff and upon information and belief members of the putative class at times worked more than 10 hours in a day.

28. Plaintiff and members of the putative class were frequently told to clock out by Defendant Colon despite still performing work duties. Plaintiff and members of the putative class were required to continue performing work duties after clocking out and were not paid for this time.

29. Upon information and belief, overtime hours worked by Plaintiff and members of the putative class in one work week would sometimes be paid in a different work week resulting in some or all of those overtime hours being paid at the lesser regular hourly wage rate.

30. Upon information and belief Defendants deducted working time for breaks that were not actually received, either in whole or in part, by Plaintiff and members of the putative class.

31. Upon information and belief Defendants failed to pay Plaintiff and members of the putative class "spread of hours" compensation for any days in which they worked over ten hours in any given day as required under New York Law.

32. For example, on September 19, 2021, Plaintiff complained to Defendant Colon about missing overtime. Defendant Colon wrote that "you only get paid for overtime if it is approved by me. Other than that you will not get paid for it."

33. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain proper and complete timesheets or payroll records.

34. Upon information and belief, Defendants' violations of the NYLL were willful.

35. Upon information and belief, Defendant Kristy Colon has been the general manager for Defendant Comfort Inn for approximately the past 5 years and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records and set company policies.

36. Upon information and belief, Defendant Kristy Colon as the general manager acted directly or indirectly in the interest of Defendant Comfort Inn and is an employer within the meaning of the Fair Labor Standards Act. Kristy Colon, in her capacity as general manager, actively participated in the unlawful method of payment for Comfort Inn's employees.

37. On December 28, 2021, Plaintiff became sick with Covid-19 symptoms. Plaintiff informed Defendants that she was sick and would get tested for Covid-19.

38. On December 30, 2021, Plaintiff provided Defendants with a doctor's note stating she was sick with Covid-19 symptoms, was quarantining awaiting test results and that "Per NYC Labor Laws, 'Any Covid-19 quarantine leave should not be counted as an absence that may lead to or result in discipline, discharge, demotion, suspension or any other action."

39. Plaintiff subsequently tested positive for Covid-19 and provided Defendants with a copy of her positive test results on January 3, 2022 and another copy on January 7, 2022.

40. On January 6, 2022, Plaintiff communicated with Jairo, her new supervisor, to obtain information on when she could return to work. In subsequent communications with Jairo the following days, Plaintiff was told that Defendant Colon would not allow Plaintiff to return to work until she could provide a negative covid test. Plaintiff complained that was not a requirement and that she needed to get back to work. Plaintiff also had not yet received any sick pay and complained that she had two friends who got paid under similar circumstances, that there was a law to pay employees required to miss work due to being sick and stated she could call the Department of Labor.

41. As part of his response, Jairo wrote "I just want to make sure you get a negative result so that kristy can see your ready to come back. My front desk needs all the help we can get the sooner you come back the better."

42. The New York City Health Department expressly states the following about returning to work after Covid:

> **Does a staff member need a doctor's note or negative COVID-19 test to return to work once they complete their isolation or quarantine?**
> No. If they have completed isolation or quarantine, they do not need documentation to return to work. They do not need a doctor's note, note from the NYC Health Department or negative laboratory test result. It is strongly recommended **not** to require negative COVID-19 test results after isolation, as a person may test positive for COVID-19 for many weeks or months after infection, even though they are no

longer contagious.

43. On January 8, 2022, Defendant Colon sent a text message to Plaintiff and several other employees stating the following (emphasis added):

> Good evening staff I must report these things to all of you. I know I have said this before but I will repeat myself covid guidelines are as follows and please respect the rules and policies of this hotel and cdc guidelines for New York state if you fall ill or test positive for covid you must send us a positive result with your full name stating the day you tested positive and from that date you have 5 days to quarantine followed by another Re test for covid that must say you are negative to return to work. Now we will pay for the quarantine 5 days and if you re test and still says positive we will pay for that. Please respect the rules and policies of this hotel it is disrespectful to fight and not respect these rules it is a violation of hotel policy. You must keep in touch with the employer and follow the guidelines we set forth and the CDC FOR NEW YORK STATE. ***Anyone violating these rules and making up there own rules and not respecting what I say this is will not be tolerated.*** We understand people get sick I personally have been infected as well but I am following rules of this hotel and New York State cdc. Again you will send a positive result with your full name and when you were positive from that date you are quarantine for 5 days after and re test with a negative result to come back to work. Please do not alter my words these are the rules and I did not make them everyone must abide even myself. ***Anyone wanted to dispute this or fight it will it[sic] be tolerated. And anyone making threats about going to the department of labor will not be tolerated either. The department of labor does not handle sick pay. You may do as you please but threats will not be tolerated.*** Everyone have a great night and stay safe.

44. Defendant Colon sent a subsequent text message in a similar vein stating in part "please don't send me a doctors notes with labor laws on it not one doctor note has labor laws this would considered fraudulent so make sure you send proper docs or you will not get paid and anyone sending notes that are not what we are looking for will not be acknowledged."

45. On January 10, 2022, Plaintiff received a text message from Jairo stating that "management has decided to relieve you of your duties at the Comfort Inn effective immediately."

46. Upon information and belief, when another employee Dean sent a copy of NYC laws on scheduling shifts to Defendant Colon by text message, she responded "this is very disrespectful. Don't ever send me laws." Suspecting he would be fired, Dean quit instead.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: <br> FAILURE TO PAY WAGES

47. All prior allegations are incorporated herein.

48. Labor Law § 652 requires payment of at least the applicable minimum hourly wage rate for all hours of work.

49. The NYLL also provides the right to recover full wages and benefits owed but not received.

50. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Named Plaintiff and members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

51. Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

52. Defendants failed to pay Named Plaintiff and members of the putative class proper wages for all time worked.

53. Upon information and belief, Defendants' failure to pay proper wages was willful.

54. By the foregoing reasons, Defendants have violated the NYLL and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: <br> NEW YORK OVERTIME COMPENSATION

55. All prior allegations are incorporated herein.

56. Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for

overtime at a wage rate of one and one-half times the employee's regular rate…."

57. The Named Plaintiff and, upon information and belief, other members of the putative class, at times worked more than 40 hours in a work week.

58. Defendants failed to pay Named Plaintiff and members of the putative class proper overtime wages for all overtime worked.

59. Upon information and belief, Defendants' failure to pay proper overtime wages was willful.

60. By the foregoing reasons, Defendants have violated the NYLL and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT MINIMUM WAGE

61. All prior allegations are incorporated herein.

62. FLSA, 29 U.S.C. § 206 requires payment of at least the applicable minimum hourly wage rate for all hours of work.

63. Defendants failed to pay Named Plaintiff and members of the putative class minimum wages for all time worked.

64. Upon information and belief, Defendants' failure to pay proper wages was willful.

65. By the foregoing reasons, Defendants have violated the FLSA and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT OVERTIME

66. All prior allegations are incorporated herein.

67. FLSA, 29 U.S.C. § 207 states that "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

68. Defendants failed to pay Named Plaintiff and members of the putative class proper wages for all overtime worked.

69. Upon information and belief, Defendants' failure to pay proper overtime wages was willful.

70. By the foregoing reasons, Defendants have violated the FLSA and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## NYCHRL RETALIATION

71. All prior allegations are incorporated herein.

72. Plaintiff engaged in protected activity under the NYCHRL.

73. Plaintiff was retaliated against because she engaged in protected activity.

74. Defendants' conduct was reasonably likely to deter a person from engaging in such protected activity.

75. As a direct result of Defendants' unlawful actions, Plaintiff has suffered damages

including, but not limited to, lost past and future income, compensation, and benefits.

76. As a further result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer physical and emotional distress.

77. The conduct of Defendants was done in conscious disregard of Plaintiff's rights.

78. Plaintiff therefore seeks compensatory damages, lost wages and benefits, reasonable attorneys' fees, costs, punitive damages, interest, and any other damages permitted by law in an amount to be determined at trial.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff respectfully request a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment for herself as to claims under the NYCHRL and for herself and all putative class members as to claims under the NYLL and FLSA as follows:

   i. On the First Claim for Relief, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

   ii. On the Second Claim for Relief, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

   iii. On the Third Claim for Relief, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

   iv. On the Fourth Claim for Relief, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

   v. On the Fifth Claim for Relief, payment of lost earnings in the form of back pay, front pay, benefits, or any other earnings, compensatory damages, punitive damages, interest, and attorneys' fees and costs in an amount to be determined at trial; and

   vi. On all claims, awarding such other and further relief as the court deems just and proper.

Dated: New York, New York
       March 7, 2022

                                              VIRGINIA & AMBINDER, LLP

                            By:      <u>/s/ Kara Miller</u>
                                      Kara Miller, Esq.
                                      VIRGINIA & AMBINDER, LLP
                                      40 Broad Street, Seventh Floor
                                      New York, New York 10004
                                      Tel:   (212) 943-9080
                                      Fax:  (212) 943-9082
                                      kmiller@vandallp.com

                                      *Attorneys for Plaintiff and putative Class*