

40 Broad Street, 7th Floor
New York, New York 10004
**Kara Miller, Esq.**

(212) 943-9080
kmiller@vandallp.com

November 29, 2022

<u>**VIA ECF**</u>
Hon. Lois Bloom, U.S.M.J.

*Re:*   **Gotay et al. v. K.P. Hospitality LLC et al.  22-cv-01273**

Dear Judge Bloom,

      This firm is counsel to Named Plaintiffs Gotay and Jimenez ("Named Plaintiffs") and the FLSA Opt-in Plaintiffs ("FLSA Plaintiffs") (collectively "Plaintiffs") in the above-referenced action. In accordance with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the parties submit the below letter motion for an order approving the settlement as fair and reasonable, granting attorneys' fees and costs, and dismissing this action with prejudice.  A copy of the fully executed settlement agreement ("Agreement") is annexed hereto as Exhibit A.

### I.      PRELIMINARY STATEMENT

      This action was originally filed on March 8, 2022. Plaintiffs all formerly worked for Defendant K.P. Hospitality LLC d/b/a Comfort Inn ("Comfort Inn") in hourly non-exempt positions such as desk agents and housekeeping. Plaintiffs seek recovery of alleged unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), along with alleged unpaid spread of hours compensation and statutory damages for failing to provide wage notices under the NYLL. Named Plaintiffs Gotay and Jimenez also have alleged various individual claims of discrimination and retaliation under the New York City Human Rights Law ("NYCHRL"). In addition, Named Plaintiff Jimenez has alleged a claim under the Family and Medical Leave Act ("FMLA").[1] These claims are reflected in Named Plaintiff Gotay's Complaint and First Amended Complaint (Dkt. 1, 26) and Named Plaintiff Gotay and Jimenez's Second Amended Complaint (Dkt. 36).

      As set forth in more detail below, the parties came to a fair and reasonable settlement.  In consideration for a release of Plaintiffs' FLSA and NYLL claims, and for a release of all claims by

---

[1] Plaintiffs' claims under the NYLL, NYCHRL and FMLA do not require approval by this Court under *Cheeks* but are included in the analysis as they are all being resolved by the same agreement.

**VIRGINIA & AMBINDER LLP**
Attorneys at Law

the Named Plaintiffs, the parties have agreed to settle this matter for a total of $265,000.00 inclusive of attorneys' fees and costs.[2]

## II.    THE AGREEMENT IS FAIR AND REASONABLE

Consistent with the directives set forth in *Cheeks*, the Agreement's release for the FLSA Plaintiffs is limited to wage and hour claims only and the Agreement does not contain any confidentiality provisions. As indicated above, Named Plaintiffs have alleged discrimination/retaliation claims under the NYCHRL and for Named Plaintiff Jimenez claims under the FMLA. Accordingly, the Agreement contains a general release that is applicable only to the Named Plaintiffs, who are receiving additional consideration under the Agreement for this general release that goes beyond that consideration that they would otherwise be receiving if they were only resolving their wage and hour claims. The amount of Named Plaintiff Gotay's consideration is reflective of the fact that she has alleged claims for back pay and front pay. Named Plaintiff Jimenez received less consideration than Ms. Gotay for her non-wage claims because she resigned from the Comfort Inn, obtained subsequent employment and is not alleging a claim for lost wages. The additional factors set forth in *Cheeks* have also been satisfied, each of which is set forth below.

### A. The Plaintiff's Range of Possible Recovery

Defendants were contacted by the United States Department of Labor ("DOL") about an investigation in or around October 2021. This investigation concluded with an award of damages for allegedly failing to pay minimum and overtime wages in violation of the FLSA in the total amount of $92,722.44. The DOL investigation only covered work weeks from October 6, 2019 through October 3, 2021. It also did not make determinations for all Plaintiffs. As such, the DOL investigation covered some, but not all, of the Plaintiffs potential recovery of damages under the FLSA.

Plaintiffs' range of possible recovery was assessed using estimates and averages. This was due to (1) the use of manual punch cards until approximately October 2021 which were at times incomplete or illegible and (2) Plaintiffs' allegation that they worked off the clock and thus this working time would not be reflected in any time records. Based on the DOL investigation and information provided by the Plaintiffs, Plaintiffs believe that a fair estimate of underpayment is two to four hours a week at the overtime rate of pay.

Each Plaintiff's FLSA claims however were reduced by any amount received from the DOL's investigation. The settlement provides generally for two hours of overtime at the overtime rate of pay, plus 100% liquidated damages, less a 30% discount for settlement purposes. A few FLSA Plaintiffs had their individual recovery adjusted slightly up or down from this formula based

---

[2] Two FLSA Plaintiffs, Joanne Rodriguez and Norberto Miranda, no longer wished to participate in this lawsuit or settlement and requested that their consent to join forms be withdrawn. [See Docket No. 43.] The money allocated to Rodriguez and Miranda in the settlement will be retained by Comfort Inn.

2



on their individual circumstances. Due to the fact that many of the Plaintiffs received a payout from the DOL investigation, the majority of Plaintiffs' wage damages were pursuant to the NYLL, both for unpaid minimum and overtime wages for time periods prior to the FLSA's three-year statute of limitations, for unpaid spread of hours when they worked more than 10 hours in a day, and for failing to receive wage notices.

In sum, with respect to FLSA damages, the Plaintiffs are receiving approximately 70% of their alleged damages that they would seek at trial, both unpaid wages under the FLSA plus 100% of any liquidated damages.

**B. The Extent To Which The Settlement Will Enable The Parties To Avoid Anticipated Burdens And Expenses In Establishing Their Respective Claims and Defenses**

This settlement enables the parties to avoid the anticipated burdens and expense of ongoing litigation, especially attorneys' fees, and direct those cost savings to the Plaintiffs and for purposes of settlement. Additionally, Plaintiffs are all minimum or low wage hourly workers and benefit greatly from receiving compensation now rather than having to continue the time-consuming process of litigating their claims.

**C. The Seriousness Of The Litigation Risks Faced By The Parties**

There is always risk associated with litigation. Defendants risk an adverse judgment against them either in whole or in part. Plaintiffs risk the company going out of business or being unable to pay any judgment. The Agreement provides a fair settlement given these risks.

**D. Whether The Settlement Agreement Is The Product Of Arm's-Length Bargaining Between Experienced Counsel**

This Agreement was the result of arms-length bargaining between experienced counsel. The settlement set forth in the Agreement was reached only after the parties engaged in the exchange of discovery, but before expending otherwise-inevitable resources on depositions and subsequent motion practice. All parties are represented by counsel who specialize in employment litigation and are well-known in this field. The final terms were agreed upon after weeks of back-and-forth negotiations.

**III.    ATTORNEYS' FEES ARE REASONABLE**

Plaintiffs' counsel, Virginia & Ambinder, LLP ("V&A") is entitled to an award of reasonable attorneys' fees and costs. See FLSA, 29 U.S.C. § 216(b); NYLL §§ 198(1-a), (1-d) and § 663(1)); NYCHRL §8-502. As part of the settlement process, V&A separately negotiated payment of their attorneys' fees and costs in the total amount of $110,000.00, which is less than their actual lodestar and out-of-pocket costs to date. Pursuant to the Agreement, Defendants agreed

VIRGINIA
& AMBINDER LLP
Attorneys  at  Law

to pay this amount to V&A for fees and costs above and beyond the amounts allocated to the Plaintiffs as set forth above. To date, V&A has received no compensation for their legal services, litigating this action entirely on a contingency fee basis, paying for all out-of-pocket costs, and assuming all risks inherent in such arrangements. V&A respectfully requests that the Court approve the amount set forth in the Agreement.

In considering the reasonableness of a fee award in FLSA cases, courts consider the following factors: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 53-54 (2d Cir. 2000).

"Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.,* 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal citation and quotation marks omitted). Here, V&A expended $1,307.33 in out-of-pocket expenses.[3] These fees included court filing fees, service of process fees, legal research fees, and fees related to distribution of the FLSA Notice such as postage and translation services. These expenses were necessary and reasonable to the representation of Plaintiffs. The $110,000.00 fee includes reimbursement for these costs.

The remaining amount, $108,692.67, is to compensate V&A for time expended. To date, V&A has devoted a total of 412.50 hours representing Plaintiffs in this matter, for a total lodestar of $120,990.00, and thus the requested amount for fees is less than V&A's actual lodestar. Moreover, the actual lodestar will ultimately be significantly higher, as this figure does not include the additional time V&A will need to expend related to the settlement approval process, the two separate rounds of monetary distributions to the Plaintiffs, and the ongoing communications with Plaintiffs that are inherent in the settlement process, especially ones with numerous Plaintiffs as is the case here.

"When applying the lodestar method, courts generally 'apply a multiplier to take into account the contingent nature of the fee, the risks of non-payment, the quality of representation, and the results achieved.'" *Pucciarelli v. Lakeview Cars, Inc.,* No. 16-CV-4751 (RRM) (RER), 2017 U.S. Dist. LEXIS 98641, at *4-5 (E.D.N.Y. June 23, 2017) (citation omitted). "A multiplier is also appropriate where, as here, the 'fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward." *Id*. (*quoting Willix v. Healthfirst, Inc.*, No. 07-CV-l 143 (ENV) (RER) 2011 U.S. Dist. LEXIS 21102 at *7 (E.D.N.Y, Feb. 18, 2011)). As this Court has noted, "Attorney's fee awards of two to six times the lodestar amount are common." *Zelidon v. Staubitz Meat Mkt.,* No. 21 CV 476 (EK)(LB), 2021 U.S. Dist. LEXIS 174850, at *9 (E.D.N.Y. Sep. 14, 2021) (citing *Weston v. TechSol, LLC*, No. 17-CV-141(CLP), 2018 U.S. Dist. LEXIS 166574, at *9 (E.D.N.Y. Sept. 26, 2018) (collecting cases)).

---

[3] See Exhibit B attached hereto, containing contemporaneous time records reflecting time and expenses expended by V&A to date in this action.



The work conducted by V&A included, but is not limited to: (1) due diligence on Defendants and Named Plaintiffs' claims, (2) drafting the initial complaint, (3) drafting the amended complaint to add a claim for failure to provide wage notices based on information obtained during discovery; (4) drafting the second amended complaint to include individual claims for Yvette Jimenez; (5) preparing for and attending multiple conferences; (6) drafting and sending the notice to the FLSA collective and overseeing the distribution process; (7) drafting discovery demands, responding to discovery, and reviewing the discovery production on behalf of the Named Plaintiffs and 18 FLSA Opt-in Plaintiffs who eventually joined the action; (8) communications with all the Plaintiffs during the litigation and settlement process, including some who required translation services; (9) negotiating the terms of settlement and working to effectuate settlement documents with all Plaintiffs; and (10) efforts related to the final approval of the Agreement, including drafting the motion for approval. The hours expended were reasonable and necessary.

Moreover, this was a complicated and rather unique action for numerous reasons. First, V&A only learned about the DOL investigation after filing the lawsuit. Under a tight court ordered discovery schedule, V&A had to file a FOIA request to ascertain the details of the investigation and successfully develop a legal strategy carving out what the DOL already covered. Additionally, because Defendants had recently made a substantial payment pursuant to the DOL investigation, and their finances were already negatively impacted by the Covid-19 health pandemic, the risk that Defendants would be unable to pay for some or all of any damages ultimately awarded was a legitimate concern.

Second, as set forth above, Defendants' time records were primarily punch card records, many of which were barely legible, had punches on top of other punches, many contained written notes with information completely different than what was shown by the punch records, and countless weeks were missing altogether. To assess wage damages, a complicated manual audit had to be performed, requiring well over one hundred hours of work by V&A's forensic analysts. *See e.g. Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209, 2011 (E.D.N.Y. 2013) (granting V&A's request for attorneys' fees and noting that this was not a simple case as "[a] look at the spreadsheets of damages, alone, establishes the complexity of some of the factual issues.")

Third, V&A had strong reason to believe that wage notice documents produced in discovery were forgeries. This involved an extensive analysis of signatures by Plaintiffs across a multitude of documents produced in discovery to locate printed names and signatures that were believed to be copied from one document and pasted into wage notice documents. V&A does not believe that Defendants' legal counsel knowingly produced forged documents, attesting further to V&A's considerable skill and years of specialized experience that enabled it to notice the discrepancies and investigate further. The forgery allegations were important not only in ultimately reaching an agreement for settlement, but also added considerably to Plaintiffs' ultimate settlement amounts as these NYLL statutory damages were included in the settlement.

Fourth, this action involved a multitude of claims under both federal and state law, both for unpaid wages under the FLSA and NYLL, as well as individual claims for discrimination and retaliation under the NYCHRL and FMLA collectively for Named Plaintiff Gotay and Jimenez. These complications were complex, required countless hours of work, and required extensive legal

5



knowledge and experience to recognize and navigate, all attesting to V&A's quality of representation, and the attorneys' fees requested are for resolving all of these claims, not just the FLSA claims.

"The Supreme Court has held that 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 512 (S.D.N.Y. 2010) (citing *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Here, despite the risks and complications mentioned above, V&A successfully negotiated a settlement for Plaintiffs where they will receive approximately 70% of all the unpaid wages they would be entitled to at trial, including liquidated damages and statutory damages.

While the attorney fees represent 41 percent of the total settlement amount, the fees are not being awarded as a percentage of a fund. Rather, as set forth above, the fees were negotiated separately based solely on V&A's lodestar and out-of-pocket costs, is a negative multiplier on the actual lodestar, Plaintiffs are not responsible for paying any of V&A's fees, and the fees are for a multitude of claims under the FLSA, NYLL, NYCHRL, and FMLA. Moreover, as explained by the Second Circuit, the purpose of fee-shifting statutes "is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery," thereby "assuring that civil rights claims of modest cash value can attract competent counsel." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) (emphasis in original).

Public policy also weighs in favor of approving the requested attorneys' fees. The purpose of shifting attorneys' fees to a defendant-employer is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected." *Sand v. Greenberg*, 2010 U.S. Dist LEXIS 1120, at *9 (S.D.N.Y. 2010).

V&A's hourly rates are also reasonable. "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assn. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). To determine the hourly rate, a court should "attempt to approximate the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209, 212 (E.D.N.Y. 2013).

I am a Partner at V&A and was the primary attorney handling this matter. I am listed as KBM on Exhibit B and billed a total of 172 hours at a rate of $450 per hour. I am a 2008 graduate of Boston University School of Law and have been practicing for 14 years exclusively in the area of labor and employment, representing thousands of workers in employment related matters, including numerous high-profile matters that have been reported in the New York Times, the New York Law Journal, Law 360, Reuters, Business Insider, and many other similar publications. As just one example, due to my work representing nail salon workers in the New York metro area, I assisted former Governor Cuomo's nail salon enforcement task force which helped expose unlawful employment practices in the industry. I also serve on the advisory committee for several Memorial



Sloan Kettering Cancer Center projects, providing pro-bono employment law guidance to assist cancer patients. I also provide legal consulting services for which I am paid an hourly rate by clients, and for these matters, clients have paid my requested hourly rate here of $450 and higher. Prior to joining V&A, I worked for Morgan, Lewis, and Bockius in their New York City employment practice group.

Leonor Coyle, a Partner at Virginia & Ambinder, billed 4.6 hours at $450 per hour and is listed as LC on Exhibit B. Ms. Coyle is a graduate of Fordham University School of Law. She has been practicing as an attorney since 2009. For almost a decade, Ms. Coyle has served as the principal consulting attorney for labor and employment law at numerous central and south American consulates throughout New York and New Jersey. She has assisted in scores of State and Federal class and collective action lawsuits based on Federal and State wage and hour laws, including lawsuits in the Southern and Eastern District of New York. Prior to joining Virginia & Ambinder, Ms. Coyle worked as an Assistant District Attorney for the Suffolk County District Attorney's Office where she tried numerous bench and jury trials. Ms. Coyle is a fluent Spanish speaker.

Jenny Brejt, an Associate at Virginia & Ambinder, billed 44.1 hours at $250 per hour and is listed as JSB on Exhibit B. Jenny Brejt is a 2020 graduate of Fordham University School of Law and has been practicing as an attorney since 2021. Ms. Brejt's practice area is wage & hour, discrimination, and ERISA collections litigation. Prior to joining V&A, Ms. Brejt was an extern at the Equal Employment Opportunity Commission. In addition, Ms. Brejt served as a judicial intern for the Hon. Joan Madden, Supreme Court of New York County.

V&A's forensic analysts, who specialize in payroll audits, all billed at a rate of $175.00 per hour. Irayda Perez ("IP"), who billed 52.50 hours, is a 2006 graduate of Borough of Manhattan Community College with a major in business management, banking, and finance, and has been working for V&A since 2015. Yessenia Claudio ("YC"), who billed 30.20 hours, is currently attending SUNY Plattsburgh, expected to graduate in 2023 with a BS in accounting, and has been working at V&A since 2015. Karine Chan ("KC"), who billed 47.70 hours, attended College of Staten Island and has been working at V&A since 2018.

The remaining hours were billed by V&A paralegals Ana Valerio (11.40 hours) ("AV"), Arionna Loreti (23.50 hours) ("AL"), Iwona Ner (14.80 hours) ("IN") and Ines Cruz (11.70 hours) ("IC") at $125 per hour. Ms. Ner has been working at V&A as a paralegal and Polish language translator since 2010. Ms. Valerio is a 2012 graduate of Buffalo State College who has been working for V&A as a paralegal and Spanish language translator since 2015. Ms. Cruz is a 2010 graduate of Francisco Marroquin University in Guatemala and has a legal degree in Guatemala, received an LLM degree from Fordham University School of Law in 2012, and has been working for V&A as a paralegal and Spanish language translator since 2013. Ms. Loreti is a 2020 graduate of the University of Miami and was a former paralegal at V&A between 2019 and 2022.

V&A's specialized skill and experience representing workers has also long been noted by courts in this district. *See e.g. Bayne v. NAPW, Inc.,* No 18-CV-3591 (MKB) (RER), 2021 U.S. Dist. LEXIS 151438, at *20 (E.D.N.Y. 2021) ("as demonstrated in the Plaintiffs' moving papers and this Court's fifteen-year tenure on the bench, during which Plaintiffs' counsel [(i.e., Virginia



& Ambinder LLP)] has appeared on numerous such cases, Plaintiffs' attorneys are qualified, experienced, and able to conduct the litigation."); *Cohan v. Columbia Sussex Mgmt., LLC*, 2018 U.S. Dist. LEXIS 179192 (E.D.N.Y. 2018) (stating of V&A that, "[t]he quality of the representation in this litigation is evident from the record. Class counsel are well known class action employment lawyers who have extensive experience and special expertise in prosecuting and settling FLSA and NYLL wage and hour cases"); *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp.2d 209, 213 (E.D.N.Y. 2013) (approving V&A's fee request and noting that "[t]heir familiarity with the applicable law and the specific facts of this case assured that the trial moved swiftly, saving the time of the court, as well as, undoubtedly, that of defense counsel."); *Morris v. Alle Processing Corp.*, 2013 U.S. Dist. LEXIS 64534, 34-35 (E.D.N.Y. 2013) ("With respect to the qualifications and experience of plaintiffs' counsel, Virginia and Ambinder LLP, the Court finds that they are experienced labor and employment litigators who have successfully represented employees in numerous wage and hour class and collective action lawsuits."). Similar rates for V&A have been approved by courts in this district. *See e.g. Perez et al. v. AC Roosevelt Food Corp. et al.* (EDNY 10-cv-4824) (Judge Gleeson approving hourly rates of $525.00 for V&A partners and $125.00 for paralegals); *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209 (E.D.N.Y. 2013) (Judge Gershon approving $495.00 for V&A partners); *McBeth v. Gabrelli Truck Sales Ltd.,* (E.D.N.Y. 09-cv-4112) (Judge Wexler approving hourly rates of V&A partners at $495.00 per hour, associates at $325 to $395 per hour, and paralegals at $95.00 to $150.00 per hour).

Respectfully submitted,

/s/    Kara Miller, Esq.
*Counsel for Plaintiffs*

cc:    Defendants' counsel via ECF