UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DARLENE GOTAY and YVETTE JIMENEZ
on their own behalf and on behalf of those
similarly situated,

                              Plaintiffs,

    -against-

K.P. HOSPITALITY LLC d/b/a COMFORT
INN & SUITES – MASPETH and KRISTY
COLON in her individual capacity,

                              Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
**22-CV-1273 (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiffs Darlene Gotay and Yvette Jimenez ("Named Plaintiffs") on their own behalf and on behalf of all others similarly situated bring this collective action against defendants K.P. Hospitality LLC d/b/a Comfort Inn & Suites – Maspeth ("Comfort Inn") and Kristy Colon as general manager of Comfort Inn, to remedy alleged violations under the Fair Labor Standards Act ("FLSA") and provisions of the New York Labor Law ("NYLL"). Second Am. Compl., ECF No. 36 ¶ 1. Named Plaintiffs also bring claims on their own behalf alleging that defendants violated Named Plaintiffs' rights under the New York City Human Rights Law ("NYCHRL") and plaintiff Jimenez's rights under the Family Medical Leave Act ("FMLA"). Id. On October 24, 2022, the parties reported reaching a settlement in principle. ECF No. 38. The parties now move for Court approval of their settlement agreement. Motion for Settlement Approval ("Mot. Settl."), ECF No. 44; Settlement Agreement ("Settl. Agree."), ECF No. 44-1. Upon review of the parties' proposed settlement, the settlement agreement is approved as fair and reasonable.[1]

---

[1] The parties consented to the jurisdiction of a Magistrate Judge for all purposes under 28 U.S.C. § 636(c). ECF Nos. 39–40.

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015); Fed. R. Civ. P. 41(a)(1)(A)(ii). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14-CV-311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).

Here, Named Plaintiffs and eighteen of the twenty opt-in plaintiffs[2] seek the Court's approval of the proposed settlement agreement. The parties have agreed[3] that defendants shall pay plaintiffs a total settlement amount of $265,000.00. Settl. Agree. ¶ 1. The total settlement payment shall be made as two equal installments to be apportioned among plaintiffs and plaintiffs' counsel in accordance with a schedule attached to the settlement agreement as Exhibit A. Id. ¶¶ 1–1(a), Ex. A. The first installment of payments shall be treated as lost wages and reported on an IRS Form W-2, and the other shall be treated as damages and interest to be reported on an IRS Form 1099. Id. ¶ 1(b). The first installment shall be paid on or before December 15, 2022 or within 14 days of the Court's approval of settlement, whichever is later. Id. ¶ 1(d)(i). The second installment shall be paid on or before March 31, 2023 provided the prerequisites of the first installment have been satisfied. Id. ¶ 1(d)(ii). Defendants shall provide all checks to plaintiffs' counsel. Id. ¶ 1(d).

In exchange for the settlement amount, plaintiffs release defendants from all liability regarding any claims arising from their employment with defendants under state and federal

---

[2] Twenty individuals consented to join the collective action pursuant to Section 216(b) of the FLSA. ECF Nos. 20–25, 27–30, 34–35. On November 29, 2022, two of the opt-in plaintiffs, Noberto Miranda and Joanne Rodriguez, withdrew their consent. ECF No. 43. Plaintiffs' counsel represent that these plaintiffs no longer wish to be a part of the action or instant settlement agreement. Mot. Settl. at 2. The Court voluntarily dismisses these two opt-in plaintiffs' claims without prejudice.
[3] The parties attach a fully executed agreement to their motion. ECF No. 44-1 at 6, 9–25.

wage and hour laws. Id. ¶ 4. For additional consideration for their non-wage and hour claims, Named Plaintiffs are subject to a general release of claims. Id. ¶ 5. The settlement agreement does not contain any confidentiality provisions or a non-disparagement clause.

    The Court held a telephonic Cheeks hearing on December 19, 2022, and counsel addressed the Court's concerns. See December 19, 2022 Mins. Based on the parties' representations at the hearing as well as the motion, the Court finds the settlement agreement to be fair and reasonable.

    Accordingly, the Court approves the settlement agreement. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

                                                                        /S/
                                          LOIS BLOOM
                                          United States Magistrate Judge

Dated:  December 21, 2022
         Brooklyn, New York